VANCE, SANDERS & COMPANY, INC. & others *vs.* STATE
TAX COMMISSION.

Suffolk.    March 8, 1966. — April 5, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax.

Where a corporation was a partner in a Massachusetts partnership not
having transferable shares, the portion of the partnership income to
which the corporation was entitled was, under G. L. c. 62, §§ 8 (b), 18,
exempt from taxation on the partnership's return filed under c. 62.

APPEALS from decisions by the Appellate Tax Board.

*Earle W. Carr (Robert S. Pirie* with him) for the appellants.

*Herbert E. Tucker, Jr.,* Assistant Attorney General (*William A. Shue* with him), for the State Tax Commission.

SPALDING, J.   These are appeals from decisions of the
Appellate Tax Board denying two applications for abatement of taxes assessed by the State Tax Commission under
G. L. cc. 62 and 63, against a Massachusetts partnership
and a Maryland corporation.   The cases, which were tried
together, were submitted upon a stipulation of agreed facts
which were adopted by the board.

The Boston Management & Research Company (B M
& R) is a partnership engaged in investment management
and research.   On January 1, 1959, its partners consisted
of seven natural persons resident in Massachusetts and
another partnership, Vance, Sanders & Company.   On
May 15, 1959, the latter partnership incorporated under the
laws of Maryland as Vance, Sanders & Company, Inc.
(VS, Inc.).   The beneficial interests in B M & R are not
represented by transferable shares.   The fiscal and taxable
year of B M & R ends on December 31; that of VS, Inc.
ends on October 31.

B M & R's entire income for 1959 was derived from the furnishing of advice to investment companies, and no part of this income was received by it as a trustee or in any other fiduciary capacity. B M & R's net income for that year was $956,267.45, of which VS, Inc. was entitled as a partner to $108,960.88. In its partnership income tax return, B M & R claimed exemptions and deductions totaling $493,305.12, all of which were attributable to partners other than VS, Inc. (See G. L. c. 62, § 18.) A tax of $14,236.09 owing on B M & R's taxable income of $462,962.33 was paid. In apportioning this tax among its partners, B M & R charged the sum of $3,319.26 to VS, Inc.

In its corporation excise return for the year ending October 31, 1960, VS, Inc. subtracted from its income, in arriving at its income taxable in Massachusetts, $108,960.88. This sum was designated, ''share of Massachusetts partnership income included above, earned and taxed in Massachusetts.'' The State Tax Commission later disallowed this deduction and as a result assessed VS, Inc. an additional $4,187.15 in taxes, which amount was paid.

In September, 1961, B M & R filed an abatement application claiming that the $108,960.88 sum should have been exempted from its taxable income. The application was denied. Thereafter, in March, 1963, VS, Inc. filed an application for abatement of so much of the excise tax assessed in 1961 as was attributable to the inclusion in its taxable income of $108,960.88. This application was also denied.

The primary contention of the appellants is that the income in question is exempt on the partnership return of B M & R. It is conceded that if this is so, the income is taxable on VS, Inc.'s corporation return. Alternatively, the appellants contend that if the income is taxable on the partnership return, it is exempt on the corporation return. In the view we take of the case we do not reach this question.

We are of the opinion that the appellants' primary contention is correct. The partnership tax was assessed pur-

suant to G. L. c. 62. Section 18 of that chapter, in part, reads: "A partnership, in computing its taxable income, may deduct at the request of *any partner* the whole or any part of the amount of the exemptions to which such partner may be entitled under sections five and eight . . ." (emphasis supplied). Section 8 reads: "The following income shall be exempt from the taxes imposed by this chapter: . . . (b) Income received by corporations, except as provided in section fourteen." (Section 14 applies only to income received by corporations "acting as trustee or in any other fiduciary capacity . . ..") It is difficult to see how the statute could be more explicit on this point.

The Appellate Tax Board appears to have based its decisions, and the Attorney General has argued these appeals, on the premise that for the purposes of taxation under c. 62 a partnership is treated as a separate tax entity. Regardless, however, of the extent to which § 17 may give validity to this proposition, it can have no effect upon our decision in this case. The income in question will still be reflected on the partnership's tax return, but subject to such exemptions as each partner may wish to claim in accordance with § 18.

The board's decision in the partnership case (No. 37620) is reversed and an abatement is to be granted in the amount of $3,319.26 with interest thereon at six per cent from October 1, 1960. The board's decision in the corporation case (No. 39922) is affirmed. The appellants are to have costs of appeal.

*So ordered.*